UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARK BECKMANN,

    Plaintiff,

v.

SUPERIOR ASSET MANAGEMENT,

    Defendant.

CASE NO.

## PLAINTIFF'S VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, MARK BECKMANN ("Plaintiff"), by and through his attorneys, KROHN & MOSS, LTD., and for Plaintiff's Complaint against Defendant, SUPERIOR ASSET MANAGEMENT ("Defendant"), alleges and affirmatively states as follows:

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

3. Because Defendant has office and conducts business in the state of Florida, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. 1391(b)(1).

## PARTIES

5. Plaintiff is informed, believes, and thereon alleges, that Defendant is a company with a business office located in Clearwater, Pinellas County, Florida.

6. Plaintiff is a natural person who resides in Anchorage, Alaska.

7. Defendant is attempting to collect a debt as that term is defined by *15 U.S.C. 1692a(5)*.

8. Plaintiff is informed, believes, and thereon alleges, that Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

9. Defendant is a debt collector as that term is defined by *15 U.S.C 1692a(6)* and sought to collect a consumer debt from Plaintiff.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers

## FACTUAL ALLEGATIONS

11. Defendant repeatedly contacted Plaintiff at 907-333-8692 seeking to speak with Douglas Cissell regarding an alleged debt from its phone number of 800-895-2989.

12. Plaintiff repeatedly informed Defendant that Mr. Cissell was a tenant of Plaintiff's who did not have access to 907-333-8692.

13. Plaintiff repeatedly provided the number at which Defendant could reach Douglas Cissell.

14. Plaintiff repeatedly asked that Defendant stop calling him at 907-333-8692 and contact Mr. Cissell directly.

15. On at least one occasion Plaintiff spoke with Defendant's representative, Latoya, and provided the number for Mr. Cissell and requested all calls cease.

16. Despite this information and request, Defendant contacted Plaintiff seeking to speak to Ms. Cissell at least another 13 times.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 et seq.

17. Defendant violated the FDCPA. Defendant's violations include, but are not limited to the following:

   a) Defendant violated *§1692b(3)* of the FDCPA by communicating with Plaintiff more than once without being requested to do so and without reasonably believing that the earlier response of Plaintiff was erroneous or incomplete or that Plaintiff later acquired correct or complete location information regarding Ms. Cissell; and

   b) Defendant violated *§1692d* of the FDCPA by engaging in conduct of which the natural result is the abuse and harassment of the Plaintiff.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

18. Statutory damages of $1,000.00, pursuant to the FDCPA, 15 U.S.C. 1692k.

19. Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C. 1692k.

20. Any other relief that this court deems to be just and proper.

### DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, MARK BECKMANN hereby demands trial by jury in this action.

RESPECTFULLY SUBMITTED,

By: _____
James Pacitti
Krohn & Moss, Ltd
10474 Santa Monica Blvd., Suite 401
Los Angeles, CA 90025
Phone: (323) 988-2400 x 230
Fax:   (866) 385-1408
jpacitti@consumerlawcenter.com
Attorney for Plaintiff
FBN: 119768

## VERIFICATION OF COMPLAINT AND CERTIFICATION

(STATE OF ALASKA)

Plaintiff, MARK BECKMANN, says as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this Complaint in good faith and solely for the purposes set forth in it.

Pursuant to 28 U.S.C. § 1746(2), I, MARK BECKMANN, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 12/30/10

_____
MARK BECKMANN,
Plaintiff

VERIFIED COMPLAINT                                                5